Patricia PENN *v.* STATE of Arkansas

CA CR 00–560 44 S.W.3d 746

Court of Appeals of Arkansas
Division III
Opinion delivered May 2, 2001

*John Wesley Hall*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Patricia Penn, an attorney licensed in the State of Tennessee, was charged in Crittenden County Circuit Court with interference with custody, a class D felony, under Ark. Code Ann. § 5-26-502. Penn filed a motion to dismiss on the grounds that her prosecution would violate the federal constitutional prohibition against double jeopardy. The circuit court denied the motion, and Penn appeals. We agree that the circuit court erred in denying the motion and reverse.

The case at bar has its origins in a domestic dispute between Randy and Vicki Watkins. They were divorced in Tennessee in 1990, and the decree awarded custody of their two children to Randy Watkins. They subsequently reconciled and remarried, but in 1992 they were divorced again, this time by the Craighead County Chancery Court in Arkansas. This time the custody of the children was awarded to Vicki Watkins.

In November 1996, the Craighead County chancellor entered an ex parte order suspending Randy Watkins' visitation. Randy's attorneys, Terrance Tatum and the appellant, Patricia Penn, filed a notice of appeal from the ex parte order.

On April 11, 1997, Mr. Watkins, through his attorneys Tatum and Penn, obtained an order from a chancellor in Crittenden County, Arkansas, approving the registration of the 1990 Tennessee divorce decree that vested custody of the children in Mr. Watkins. Using that registered decree, the three persuaded the police in Marion, Arkansas, to help them obtain custody of the parties' children. The children were taken out of school in Marion and across the state line into Tennessee.

On April 15, 1997, Vicki Watkins filed a motion for contempt. Randy Watkins, Tatum, and Penn were ordered to appear on April 28 at 11:00 a.m. to show cause why they should not be held in contempt. At 11:24 the court was notified that the clerk's office had received a call that Watkins, Tatum, and Penn were on their way. They arrived at noon, but in the meantime the court had already held them in contempt, sentenced them to five days in jail, and imposed an $8,500.00 attorney's fee as a sanction.

The chancellor's order stated:

> The Court finds that defendant, Randy Watkins, and attorneys Terrance Tatum and Patricia Penn are in contempt of court for their conduct in filing a fraudulent document and using said fraudulent document to take physical custody of the two minor children of the parties, Randy Wayne Watkins, born September 22, 1985, and Richard Steven Watkins, born February 8, 1988, contrary to legal orders of this Court vesting custody in the plaintiff, Vicki Watkins.

Penn is now charged with violating Ark. Code Ann. § 5-26-502 (Repl. 1997), which provides in pertinent part:

> (a)(1) A person commits the offense of interference with court-ordered custody if, knowing that he or she has no lawful right to do so, he or she takes, entices, or keeps any minor child from any person entitled by a court decree or order to the right of custody of the minor.

> (2)(A) Interference with court-ordered custody is a Class D felony if the minor is taken, enticed, or kept without the State of Arkansas.

 The order denying the motion to dismiss, though interlocutory, is appealable. *Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999). Appellant contends, and the State agrees, that she was

found guilty of criminal contempt. *See, e.g., Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). Both parties also agree that the double jeopardy clause of the Fifth Amendment to the United States Constitution is applicable in this context. *See United States v. Dixon*, 509 U.S. 688 (1993). In *Blockburger v. United States*, 284 U.S. 299 (1932), the Court held:

> The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

*Blockburger*, 284 U.S. at 304.

■ In *Grady v. Corbin*, 495 U.S. 508 (1990), the Supreme Court held that in addition to passing the *Blockburger* test, a subsequent prosecution must satisfy a "same-conduct" test to avoid the double jeopardy bar. In *United States v. Dixon, supra*, the Court overruled *Grady* and held that the *Blockburger* test was the only one to be applied.

> In both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

*Dixon*, 509 U.S. at 696 (citations omitted). *See also Beasley v. State*, 47 Ark. App. 92, 885 S.W.2d 906 (1994).

*Ex parte Rhodes*, 974 S.W.2d 735 (Tex. Crim. App. 1998), bears some similarity to the case at bar. In that case, David Rhodes was found in contempt for violating an order that prohibited him from removing the parties' child from Harris County, Texas, without prior court approval. In August 1994, he removed the child to Malaysia. In 1995 he was found in contempt of court, fined $100.00 and assessed $2,500.00 in legal fees. He was subsequently

indicted for interference with child custody. The Court of Criminal Appeals of Texas held that the prosecution was barred by the double jeopardy clause.

■ The Texas court engaged in a complex analysis of the plurality decision in *Dixon*, but it finally concluded that under Justice Scalia's analysis the order finding Rhodes in contempt would be a "lesser-included offense" of the statutory crime. We reach the same conclusion here. When the issue of double jeopardy arises in the context of a judgment of criminal contempt followed by a prosecution for a violation of the criminal law, the application of the *Blockburger* "same elements" test has obvious difficulties. Criminal contempt does not have "elements" in the same sense as a statutory offense does. Nevertheless, as the Texas court concluded, we must follow *Dixon* as best we can.

■ In the case at bar the State's position is that the criminal contempt and the statutory criminal offense each have elements not found in the other. The State argues that the filing of the void Tennessee divorce decree is an "element" of the criminal contempt but not of the statutory offense and that the removal of the children from the State of Arkansas is an element of the statutory offense but not of the criminal contempt. The second point is arguable. Although the chancellor's order finding Penn in contempt does not recite that the children were taken to Tennessee, the court did make such a finding on the record at the conclusion of the contempt hearing. As to the filing of the Tennessee divorce, we conclude that this was not an "element" of the contempt charge. Ms. Penn was found in contempt of court for interfering with custody — the filing of the document was merely the means to an end. We therefore conclude under *Dixon* that the judgment of contempt was, at the very least, a lesser-included offense of the crime with which appellant is now charged.

For the reasons stated, the judgment of the circuit court is reversed.

Reversed.

STROUD, C.J., and NEAL, J., agree.