

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–16–617

| | |
|---|---|
| ARTHUR HERMAN SIMON, JR.<br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered: April 5, 2017<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-15-985]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Arthur Simon (Arthur) brings this interlocutory appeal after the Crittenden County Circuit Court denied his motion to dismiss his charges based on double-jeopardy grounds. Simon was charged with two misdemeanor counts of unlawful distribution of sexual images or recordings. On appeal, appellant contends that the circuit court erred in denying his motion to dismiss because the charges violate his right to be free from double jeopardy as protected by the United States and Arkansas Constitutions. We affirm.

In order to understand appellant's arguments in the criminal case before us, it is important to understand the proceedings that took place in appellant's separate divorce action. Appellant and Amy Kathleen Simon (Amy) were married in 2013. In 2015, Amy filed a complaint for divorce. In that action, the circuit court issued a temporary restraining order that stated in relevant part,

> 10. [Arthur] is enjoined from coming about the residence or rental properties in possession of [Amy], threatening, harassing, molesting or engaging any other

SLIP OPINION

contact with [Amy] that causes apprehension. [Arthur] is also enjoined from calling, texting or contacting [Amy] through any other electronic means. In the event [Arthur] violates this restraining Order, the monthly support payments shall be terminated.

Amy subsequently filed a petition for contempt on August 19, 2015, alleging that appellant had violated the temporary restraining order. She specifically alleged that

[Arthur] has left letters in the mailbox; sent multiple harassing texts to [Amy]; entered the rental properties of [Amy]; harassed [Amy's] daughter; threatened to post and publish compromising photographs of [Amy] or her family; followed [Amy] around town; cut the tires of [Amy's] vehicle; cut the tires of a private investigator employed by her. Defendant was arrested at approximately 4:00 am on August 9, 2015, two blocks from [Amy's] house a night after her air condition[er] was damaged and an arrow was shot through her window. [Arthur] has been charged with a felony for his conduct.

An order to show cause was issued on August 19, 2015. After a hearing, the circuit court found appellant in willful and voluntary contempt in an order filed on January 5, 2016. The circuit court specifically found that appellant had violated paragraph 10 of the temporary restraining order. As a result, the circuit court sentenced appellant to serve 120 days in the Crittenden County Detention Center.

In addition to the various acts of contempt exhibited against Amy, appellant allegedly procured copies of nude photographs of his stepdaughter, Anna, and left copies of the nude photographs in the driveways of various houses in his stepdaughter's neighborhood. Shortly thereafter, a neighbor retrieved the photographs from the various driveways. Therefore, separate from the divorce proceedings, the State filed charges against appellant for two counts of unlawful distribution of sexual images or recordings in the Crittenden County District Court in August 2015.

In the attached sworn affidavit, Christopher, Anna's husband, explained that he had found an envelope in his driveway that stated, "Don't worry there is more coming, if you don't like your prints trade with your neighbors It's good to know your neighbors." Inside the envelope, Christopher found explicit photographs of his wife, Anna. Amy, Anna's mother, later shared with Christopher texts that she had received from appellant, in which appellant had threatened to distribute the pictures in the neighborhood.

In November 2015, the district court found appellant guilty, sentencing him in pertinent part to one year in jail on each count to run concurrent. Appellant appealed to the circuit court and filed a motion to dismiss, which is the subject of this appeal. Appellant alleged in his motion that the charges should be dismissed because he had already been placed in jeopardy for the same conduct in the criminal-contempt proceedings in his divorce action. At the hearing, the State disagreed with appellant's contentions, alleging that the victims in the criminal case were Anna and Christopher—not Amy. The State additionally alleged that there were other incidents alleged at the contempt proceeding that could have formed the basis for the circuit court's finding appellant in contempt that were completely unrelated to the conduct at issue in the criminal case. After the hearing, the circuit court denied appellant's motion and incorporated its oral findings of fact by reference, which adopted both of the State's arguments. This appeal followed.

This is an interlocutory appeal, and our supreme court has long recognized the right to an immediate appeal from the denial of a motion to dismiss on double-jeopardy grounds. *Dilday v. State*, 369 Ark. 1, 250 S.W.3d 217 (2007). We review a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo on appeal. *Whitt v. State*, 2015

SLIP OPINION

Ark. App. 529, 471 S.W.3d 670. When the analysis presents itself as a mixed question of law and fact, the factual determinations made by the circuit court are given due deference and are not reversed unless clearly erroneous. *Id.*

The Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution require that no person be twice put in jeopardy of life or liberty for the same offense. The Double Jeopardy Clause protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Whitt*, *supra*. In order to determine whether the same act violates two separate statutory provisions, we apply the same-elements test, commonly referred to as the *Blockburger* test, which states as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . [A] single act may be an offense against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932). The Arkansas General Assembly has codified this constitutional protection at Arkansas Code Annotated section 5-1-110(b) (Repl. 2013), which provides that an offense is included in an offense charged if the offense is established by proof of the same or less than all of the elements required to establish the commission of the offense charged. While criminal contempt does not have elements as does a statutory criminal offense, this court has stated that it still applies the same-elements test. *Whitt*, *supra*; *see also Penn v. State*, 73 Ark. App. 424, 44 S.W.3d 746 (2001).

4

Appellant argues on appeal that the criminal-contempt proceeding should be characterized as a trial on a lesser-included offense because it meets the same-elements test. He argues that, as a result, his criminal charges must be dismissed as a violation of his constitutional right from being placed in double jeopardy. He further compares the circumstances of this case to those in *Penn*. In response to the State's and the circuit court's contention that appellant is not being placed in double jeopardy, because the criminal charges involve two different victims and that the same-elements test is therefore not met, appellant acknowledges that the State could prove the criminal charges against him without discussing any communication that he had with Amy, for which he was found in criminal contempt. However, he argues that the only purpose of the State doing so would be to "subvert double jeopardy" and would constitute "prosecutorial misconduct." Appellant finally argues that the lack of specificity in the contempt order does not affect the double-jeopardy analysis, and he requests this court to reverse and dismiss his criminal case. Appellant's arguments are without merit.

In *Penn v. State*, Penn, who was an attorney, had assisted her client in obtaining an order approving the registration of a void divorce decree that vested custody of the children to her client. Using the registered decree, Penn persuaded the police and assisted her client in obtaining custody of the children to cross into Tennessee. *Id.* Penn was held in criminal contempt in the divorce proceeding for her participation in the void divorce-decree ruse. *Id.* Penn was subsequently charged with interference with court-ordered custody. *Id.* After she had been charged, Penn filed a motion to dismiss on double-jeopardy grounds because she had previously been held in criminal contempt of court in her client's divorce

proceedings relating to the same conduct. *Id*. Penn was specifically found in contempt of court for filing a fraudulent document and using the fraudulent document to take physical custody of the children contrary to the order of the court, and Penn was sentenced to five days in jail and ordered to pay an $8500 attorney fee as a sanction. *Id*. The motion was denied, and she filed an interlocutory appeal to this court. *Id*. We reversed the circuit court's denial of the motion to dismiss on double-jeopardy grounds, finding that the judgment of contempt was a lesser-included offense of the crime with which Penn had been charged—interference with court-ordered custody. *Id*.

*Penn*, however, is distinguishable from the facts of this case. Appellant was found in contempt and punished for violating a court order that enjoined him from going to Amy's residence or rental properties; threatening, harassing, molesting, or engaging any other contact with Amy that causes apprehension; or calling, texting, or contacting Amy through any other electronic means. Appellant now faces two counts of unlawful distribution of sexual images or recording, a Class A misdemeanor, in violation of Arkansas Code Annotated section 5-26-314 (Supp. 2015), which provides as follows:

> (a) A person commits the offense of unlawful distribution of sexual images or recordings if, being eighteen (18) years of age or older, with the purpose to harass, frighten, intimidate, threaten, or abuse another person, the actor distributes an image, picture, video, or voice or audio recording of the other person to a third person by any means if the image, picture, video, or voice or audio recording:
>
> (1) Is of a sexual nature or depicts the other person in a state of nudity; and
>
> (2) The other person is a family or household member of the actor or another person with whom the actor is in a current or former dating relationship.

The State alleges that appellant violated section 5-26-314 by distributing explicit photos of Anna and then distributing them to third persons with the purpose of harassing,

SLIP OPINION

frightening, intimidating, threatening, or abusing Anna. Appellant's alleged conduct toward Anna does not require the State to prove the same elements that were required to find appellant in contempt for his conduct toward Amy, and we cannot conclude that appellant's contempt finding was a lesser-included offense of unlawful distribution of sexual images or recordings. We further disagree with appellant's claim that for the State to prove its case without bringing to light the electronic communication with Amy would be to subvert double jeopardy and would constitute prosecutorial misconduct. The fact that appellant also texted Amy and threatened to publish nude pictures of her daughter is a separate, contemptible action from appellant allegedly distributing pictures of Anna to other people in the neighborhood. As such, we must affirm the circuit court's denial of appellant's motion to dismiss.

Affirmed.

GLOVER and BROWN, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.