Cite as 2022 Ark. App. 188

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-21-196

|  |  |  |
|---|---|---|
| BILLY HOOVER | | **Opinion Delivered** April 27, 2022 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-20-361] |
| V. | | |
| | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Billy Hoover appeals the sentencing order entered by the Crawford County Circuit Court on October 29, 2020, convicting him of two counts of rape and sentencing him to thirty years' imprisonment on each count to be served consecutively. On appeal, Hoover argues that the circuit court erred in denying his motion to dismiss for lack of a speedy trial. We affirm.

On May 5, 2020, Billy Hoover was arrested, and on May 7, the State filed an information charging him with two counts of rape. The affidavit for warrant of arrest attached to the information alleged that Hoover had raped CH and JH on or about March 1 to July 30, 2011. The affidavit further alleged that CH and JH were five and six years old, respectively, at the time of the rapes and that Hoover is the children's father.

On July 24, Hoover filed a motion to dismiss for lack of a speedy trial. In his motion, Hoover alleged that on December 1, 2011, he had been arrested for one count of raping CH that allegedly occurred on or about March 1 to July 21, 2011. He further alleged that an order

to nolle prosequi the 2011 case was entered on June 28, 2012, and that the order did not indicate that it was dismissed for good cause. Citing Arkansas Rules of Criminal Procedure 28.1(c) and 28.3(a) and (f), Hoover contended that the speedy-trial time began to run upon his arrest on December 1, 2011, and the time from June 28, 2012 (the order of nolle prosequi), to May 5, 2020 (the date of his second arrest), is not excludable because the June 28, 2012 order did not state that the 2011 case was dismissed for good cause; therefore, he contended that the case against him should be dismissed because it was not brought to trial within twelve months. In response, the State argued that Hoover failed to raise the lack-of-good-cause argument at the time the order of nolle prosequi was entered, good cause existed to nolle prosequi the 2011 charge, and the 2011 case was not near the expiration of the speedy-trial time when the nolle prosequi order was entered.

The circuit court held a hearing on Hoover's motion to dismiss on September 30, 2020. After argument from the parties, the circuit court orally denied the motion, finding that Hoover failed to object to the order of nolle prosequi being without good cause at the time it was entered. An order memorializing the court's holding was entered on September 30. The case proceeded to trial, and the jury found Hoover guilty of raping CH and JH. This appeal followed.

Arkansas Rule of Criminal Procedure 28 governs speedy-trial determinations. A defendant must be brought to trial within twelve months of the date of arrest unless there are periods of delay that are excludable under Arkansas Rule of Criminal Procedure 28.3. *State v. Crawford*, 373 Ark. 95, 99, 281 S.W.3d 736, 739 (2008) (citing Ark. R. Crim. P. 28.1). If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the

2

charges dismissed with an absolute bar to prosecution. *Id.*, 281 S.W.3d at 739 (citing Ark. R. Crim. P. 30.1).

When a defendant makes a prima-facie showing of a speedy-trial violation, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Id.*, 281 S.W.3d at 739–40. A prima facie case for a speedy-trial violation is made when there is a period of delay beyond twelve months from the date of the charge. *Id.*, 281 S.W.3d at 740. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under speedy-trial rules. *Id.*, 281 S.W.3d at 740.

The filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Id.*, 281 S.W.3d at 740. The time period between the nolle prosequi of a charge and its subsequent refiling is also excluded from computing the time for a speedy trial if the charge was nolle prossed for good cause. *Id.*, 281 S.W.3d at 740 (citing Ark. R. Crim. P. 28.3(f); *Carter v. State*, 280 Ark. 34, 655 S.W.2d 379 (1983)). Good cause is demonstrated when the State has good reason to seek the nolle prosequi, and there is no indication the State is simply trying to evade the speedy-trial requirement. *Id.*, 281 S.W.3d at 740.

On appeal, Hoover argues that because the order of nolle prosequi did not indicate that it was entered for good cause, the time from June 28, 2012, to May 5, 2020, is not excludable pursuant to Rule 28.3(f), and he therefore met his burden of proving that his right to a speedy trial was violated. He also argues that the circuit court erred in finding that he was required to object in 2012 to the lack of good cause stated in the order of nolle prosequi.

In *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000), the appellant likewise argued that his right to a speedy trial had been violated. The appellant argued that 251 days between

3

the order of nolle prosequi and when the charges were refiled should not have been excluded from the speedy-trial calculation because the nolle prosequi was not granted for good cause. The supreme court held that a contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. *Ferguson*, 343 Ark. at 169, 33 S.W.3d at 121–22. The reason for requiring a contemporaneous objection is to inform the circuit court of the reason for disagreement with its proposed action prior to making its decision or when the ruling occurs. *Id.*, 33 S.W.3d at 122. The idea is to give the circuit court the opportunity to fashion a different remedy. *Id.*, 33 S.W.3d at 122. The court stated:

> Clearly, under the current Rule 28.3(f), the time for showing good cause is at the time the motion to nolle prosequi is heard. Correspondingly, the time to object for a lack of good cause is also at the time the motion is heard. Thus, because Appellant waited until after the motion for nolle prosequi had been granted and the charge against him had been refiled, and because defense counsel approved of the order granting the nolle prosequi, his challenge to the finding of good cause is untimely. Accordingly, we affirm the [circuit] court's ruling that this period of time, 251 days, is excluded from the one-year period for speedy trial.

*Id.* at 169–70, 33 S.W.3d at 122.

Hoover acknowledges *Ferguson* but attempts to distinguish it on the bases that the appellant in *Ferguson* was involved in the State's decision to request an order of nolle prosequi, the order specifically stated that good cause existed, and the order was an agreed order signed by the appellant's counsel. Hoover cites three additional cases—*State v. Jones*, 2019 Ark. 138, 572 S.W.3d 377, *DeAsis v. State*, 360 Ark. 286, 200 S.W.3d 911 (2005), and *Tanner v. State*, 324 Ark. 37, 918 SW.2d 166 (1996)—for the proposition that the supreme court has refused to charge time to the defendant when the record does not reflect that either the defendant or his counsel was present at the hearing where the excludability of time was discussed.

4

However, we cannot determine on appeal what happened below because Hoover did not include in the record certain items that are pertinent to resolving his speedy-trial claim, including the docket sheet from the 2011 case; the motion for nolle prosequi; the transcript of the hearing on that motion (if there was one); or the order of nolle prosequi. Hoover has failed to bring up a record sufficient to demonstrate that he either made an objection to the lack of good cause when the State made a motion to nolle prosse or that he did not have the opportunity to do so. *Hicks v. State*, 340 Ark. 605, 611, 12 S.W.3d 219, 223 (2000) (affirming speedy-trial ruling where the appellant failed to include as part of the record the docket sheet that might have reflected court notations that were pertinent to resolving his claim); *Hall v. State*, 2020 Ark. App. 135, at 5–6, 594 S.W.3d 175, 179 (affirming the speedy-trial finding because the appellant failed to bring up a record sufficient to demonstrate that he made an objection when the State moved to nolle prosse).[1]

An appellant who seeks relief in this court has the burden of bringing up a sufficient record upon which to grant relief. *Hall*, 2020 Ark. App. 135, at 5, 594 S.W.3d at 179. Because Hoover failed to bring up a record sufficient to demonstrate that he made an objection to the lack of good cause when the State moved to nolle prosse the 2011 case that alleged that

---

[1]Hoover admits in his brief on appeal that "the record is blank as to what occurred at the time of the nolle prosequi." But he argues that this is not fatal to his appeal because once he made a prima facie case in support of his motion to dismiss, the burden shifted to the State to present evidence that the delay was the result of the defendant's conduct or was otherwise justified, which he claims it failed to do. However, Hoover failed to raise this argument below. A contemporaneous objection to the excluded period was necessary to preserve the speedy-trial argument. *Barrow v. State*, 2010 Ark. App. 589, at 10, 377 S.W.3d 481, 488. It is well settled that this court will not consider arguments raised for the first time on appeal. *Nixon v. State*, 2021 Ark. App. 461, at 3.

Hoover had raped CH or that he was not given the opportunity to object, we must affirm the circuit court's order denying his motion to dismiss that charge for lack of a speedy trial.[2]

Affirmed.

BARRETT and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[2]Hoover also argues that if this court reverses his conviction for raping CH and dismisses it, then his conviction for raping JH should be reversed and remanded for a new trial because he is entitled to face the rape charge as to JH independently. In light of our holding affirming Hoover's conviction for raping CH, Hoover's conditional argument regarding his conviction for raping JH is moot.