Cite as 2023 Ark. App. 30

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-22-226

| | | |
|---|---|---|
| | | Opinion Delivered February 1, 2023 |
| THELMA WILLIAMS, JR. | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT |
| V. | | [NO. 23CR-20-246] |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. |
| | APPELLEE | CLAWSON III, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Thelma Williams, Jr., appeals his conviction for theft of property. Williams has filed a pro se brief on appeal raising several arguments for reversal. We affirm.

On February 25, 2020, an information was filed charging Williams as a habitual offender with theft of property, a Class D felony. A warrant for Williams's arrest was issued on the same date, but Williams was not arrested until March 12, 2021. In the following months, Williams filed numerous pro se motions alleging that his right to speedy trial had been violated. Williams eventually waived his right to counsel and was granted the right to represent himself. A hearing on Williams's motions was held on December 14, 2021, and a

bench trial was held on January 13, 2022.[1] The circuit court found Williams guilty of theft of property and sentenced him to seven years' imprisonment and five years' suspended imposition of sentence.

Williams argues that his right to speedy trial was violated because he was incarcerated for thirteen months from February 2020 to March 2021 without being brought to trial. Arkansas Rule of Criminal Procedure 28 governs speedy-trial determinations. A defendant must be brought to trial within twelve months of the date of his or her arrest unless there are periods of delay that are excludable under Arkansas Rule of Criminal Procedure 28.3. *Hoover v. State*, 2022 Ark. App. 188, 643 S.W.3d 891. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. *Id.* When a defendant makes a prima facie showing of a speedy-trial violation, the burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Id.* A prima facie case for a speedy-trial violation is made when there is a period of delay beyond twelve months. *Id.* On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under speedy-trial rules. *Id.*

The time for trial shall commence running from the date of arrest. Ark. R. Crim. P. 28.2(a). Williams was arrested on March 12, 2021, and he was tried within twelve months on January 13, 2022. Accordingly, Williams has failed to make a prima facie showing of a

---

[1]The record does not include a transcript of the December 14, 2021 motions hearing, but it is not necessary to decide the issues on appeal.

speedy-trial violation. To the extent Williams argues that a speedy-trial violation occurred due to the delay between the issuance of the arrest warrant and his actual arrest, we have previously rejected this argument. *See Davis v. State*, 2020 Ark. App. 120.

Williams also raises a double-jeopardy argument that was denied at trial. He argues that a surveillance-camera photograph of him included in the discovery file is evidence of a double-jeopardy violation because he already served time for the offense depicted in the photograph. The affidavit for warrant of arrest reveals that the photograph at issue was from a prior shoplifting incident at a Target store and was used to identify Williams as the suspect in the theft from a different Target store in the case at bar. The Double Jeopardy Clause protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Simon v. State*, 2017 Ark. App. 209, 518 S.W.3d 696. A photograph from a prior offense used to identify the defendant is not evidence of a double-jeopardy violation.

Last, Williams argues that the State violated Arkansas Rule of Criminal Procedure 17.1 because it failed to furnish him a witness list. Williams raised this argument at trial, and the State responded that Williams had been provided the affidavit of probable cause and the police report, which identified the witnesses and their contact information. The court ruled that the State had put Williams on sufficient notice. Arkansas Rule of Criminal Procedure 17.1 provides that the prosecuting attorney, upon timely request, shall disclose to defense counsel the names and addresses of persons whom the prosecuting attorney intends

3

to call as witnesses at any hearing or at trial. Ark. R. Crim. P. 17.1(a)(i). In order to obtain a reversal of a criminal conviction on the basis of a discovery violation, the appellant must make a showing of prejudice. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). Williams has not disputed that he was provided the names and addresses of the witnesses who testified, and we hold that he has failed to show any prejudice.

Affirmed.

BARRETT and MURPHY, JJ., agree.

*Thelma Williams, Jr.*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.