Cite as 2024 Ark. App. 478

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-23-768

| | | |
|---|---|---|
| ADRIAN CANADY | APPELLANT | Opinion Delivered October 9, 2024 |
| V. | | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-22-212] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE JERRY DON RAMEY, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Adrian Canady appeals his drug convictions entered on a conditional guilty plea that reserved the right to challenge the denial of his motion to suppress. On appeal, Canady argues that the circuit court erred by refusing to suppress items found in a house on Maple Street in Morrilton and information on his cell phone. We affirm.

On July 20, 2022, the State charged Canady with trafficking a controlled substance; manufacturing a controlled substance; possession of drug paraphernalia to ingest, inhale, etc.; and possession of a controlled substance.

On January 29, 2023, Canady moved to suppress items found in a house on Maple Street (the Maple Street house) and information on his cell phone. As to the Maple Street house, he acknowledged that he was on parole and had a search waiver for his residence, but he asserted that officers lacked probable cause to believe that the Maple Street house was his residence.

As to the cell phone, Canady argued that even though officers obtained a search warrant for the phone, they searched it before the warrant was issued. In making this assertion, Canady claimed that the "Cellebrite Report" shows that the extraction time for the phone was "9:42:29 AM -06:00" which translates to 3:42:29 a.m., several hours before the warrant was executed at 8:45 a.m.

The court held a suppression hearing on March 1, 2023. At the hearing, the State introduced a warrantless search waiver signed by Canady. The waiver provided in part that Canady agreed to allow any certified law enforcement officer to conduct a warrantless search of his place of residence at any time. Officer Aaron Marriott, Officer Joseph Roch, and Detective Nathan Watkins then testified about the circumstances leading to their search of the Maple Street house on February 18, 2022.

Officer Marriott testified that he had been told to watch for Canady and that on February 18, while completing patrols, he saw Canady driving in his car. He explained that he alerted Officer Roch and Detective Watkins and that Detective Watkins subsequently located Canady's car at the Maple Street house.[1] He stated that he drove to the house and saw Canady's car parked outside. He explained that shortly after he arrived, Officer Roch knocked on the front door, but no one opened the door. He testified that Detective Watkins then saw Canady exit the house and that he (Officer Marriott) located Canady on foot and directed him to return to the Maple Street house.

---

[1]During Officer Marriott's testimony, he referred to the house as being on Rock Street. Subsequent testimony revealed that the house is located at the intersection of Maple and Rock Streets. For clarity, we consistently refer to the residence as the Maple Street house.

Officer Marriott explained that Detective Watkins then made calls concerning the search of the residence and that they received the "go-ahead" to make entry. He testified that they could not locate house keys on Canady, so they entered through the back door. He stated that they found marijuana plants, other drugs, and drug paraphernalia inside the Maple Street house.

Officer Roch testified that he knocked on the front door of the Maple Street house, and a person wearing a gray shirt approached the door but did not open it. Officer Roch announced that he was with the police department and was looking for Adrian Canady, but the man told him that Canady did not live there. Officer Roch explained that after Officer Marriott located Canady, he saw Canady wearing a gray shirt and recognized Canady's voice as that of the man inside the Maple Street house. Officer Roch noted that he had been told to watch for Canady due to information that Canady had participated in narcotic sales, and he testified that he had seen Canady's car on multiple occasions at the Maple Street house during the day and night.

Detective Nathan Watkins testified that before they searched the Maple Street house, he saw Canady enter and later exit the house. He further testified that he contacted the water department and was informed that Canady was listed on the Maple Street house's account. He noted that he used a flathead screwdriver to enter the house. Watkins acknowledged that he knew Canady's parole officer had a different address listed for Canady, but he stated that Canady had "numerous places."

Detective Watkins also testified that he has known Canady since 2009 and that Canady had driven the same car, a gold Cadillac Escalade, for years. He noted that officers on "third shift, second shift, first shift" had seen Canady entering the Maple Street house. He further

explained that Canady previously had been charged with and convicted of growing marijuana at the Maple Street house.

Canady's parole officer, Robert Moses, testified that Canady had been on parole since 2019. He stated that Canady first listed as his residence a Lee Street address, but in 2021, Canady notified him of his move to South Bridge Street.

Carolyn Donald testified that she currently lives at the Maple Street house and had lived there for four months. She noted that she is renting the house with plans to buy it from Raymond Moore. She stated that Canady had lived in the Maple Street house in 2016 or 2017, but she denied that Canady lived there in 2022. During Donald's testimony, Canady introduced the warranty deed for the Maple Street house showing that Canady had deeded the house to Raymond Moore in April 2018.

Following the testimony, the court questioned Canady about his suppression argument for his cell phone. Canady argued that officers searched the phone before obtaining the warrant, and he again relied on the Cellebrite Report to establish the timing. The State responded, "[H]e doesn't have any evidence." Canady's attorney responded, "No."

On March 29, the court entered an order denying the suppression motion. As to the items at the Maple Street house, the court found that Canady had a parole search waiver for his residence and that officers had probable cause that the Maple Street house was Canady's residence. As to the cell phone, the court found that "parolees are subject to suspicion less warrantless searches at any time without violating the Fourth Amendment."

On August 2, Canady entered a conditional guilty plea to possession of methamphetamine with the purpose to deliver, manufacturing a controlled substance,

4

possession of drug paraphernalia, and possession of a controlled substance. He was sentenced to 180 months in prison and 120 months' suspended imposition of sentence. Canady's plea reserved the right to appeal the denial of his motion to suppress evidence.

We review de novo the circuit court's grant of a motion to suppress on the basis of the totality of the circumstances. *State v. Bailey*, 2024 Ark. 87, 687 S.W.3d 819. We review findings of historical facts for clear error and determine whether those facts give rise to reasonable suspicion or probable cause. *Id.*

On appeal, Canady first argues that the circuit court erred by denying his suppression motion concerning the items located in the Maple Street house. He claims that officers did not have probable cause to believe that the Maple Street house was his residence and thus that his parole search waiver did not apply to the house. He argues that he "was never observed staying overnight" at the house, and he points out that he never identified the house as his residence to his parole officer.

Our supreme court recently held that law enforcement need only have a reasonable suspicion that a person is residing in the place to be searched for officers to execute a warrantless search pursuant to a search waiver. *Bailey*, 2024 Ark. 87, 687 S.W.3d 819 (declining to apply the probable-cause standard from *United States v. Thabit*, 56 F.4th 1145 (2023)). The determination is based on the totality of the circumstances. *Id.* (citing *Thompson v. State*, 2010 Ark. 294, 377 S.W.3d 207).

In this case, the State presented evidence that officers saw Canady and his car at the Maple Street house on multiple occasions during the day and night. Canady had previously owned and lived at the Maple Street house, and his name remained on a utility account.

5

Moreover, Canady had previously been convicted of growing marijuana at the house. Considering the totality of the circumstances, officers had a reasonable suspicion or belief that Canady was residing at the Maple Street house. Reasonable suspicion that Canady resided at the Maple Street house was enough to support a warrantless search pursuant to his search waiver. *Bailey*, 2024 Ark. 87, 687 S.W.3d 819. Accordingly, we hold that the circuit court did not err by denying Canady's suppression motion as to the items in the house.

Canady additionally argues that the circuit court erred by denying his suppression motion concerning the information from his cell phone. He acknowledges the search warrant for the phone, but he claims that officers searched it before the court issued the warrant. He asserts that the Cellebrite Report and the warrant show that the extraction time preceded the search. However, as the State points out, the Cellebrite Report and the warrant are not in the record, and the record does not indicate that Canady introduced them at the suppression hearing. An appellant who seeks relief in this court has the burden of bringing up a sufficient record upon which to grant relief. *Hoover v. State*, 2022 Ark. App. 188, 643 S.W.3d 891. Given these circumstances, we find no reversible error on this point.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangai*, Ass't Att'y Gen., for appellee.

6