Cite as 2020 Ark. App. 135

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-19-534

| | | |
|---|---|---|
| NEAL ALLEN HALL | APPELLANT | **Opinion Delivered:** February 26, 2020 |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-18-677] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Chief Judge

Appellant Neal Allen Hall was convicted in the Garland County Circuit Court of failure to appear and was sentenced to 288 months in prison. For reversal, appellant argues that the State violated his constitutional right to a speedy trial and that his prosecution for failure to appear was barred by the statute of limitations. We affirm.

On June 25, 2014, appellant failed to appear in the Garland County Circuit Court for his jury trial in 26CR-13-309 on the charge of second-degree sexual assault. A warrant was issued on July 8, 2014, and served on June 22, 2015. At the October 30, 2017 trial in 26CR-13-309, appellant was convicted and sentenced to fifty years in prison, and the State orally moved to nolle prosse the failure-to-appear charge. The circuit court entered the order granting the motion on October 31, 2017.[1] The day after his conviction was reversed

---

[1]Neither the nolle prosequi order nor the transcript containing the oral motion are included in the record on appeal. Appellant's notice of appeal did not reference any case numbers other than "CR 2018-677 IV."

and remanded in *Hall v. State*, 2018 Ark. App. 474, 561 S.W.3d 333, the State refiled the failure-to-appear charge on October 4, 2018.

On March 5, 2019, appellant filed a motion to dismiss for violation of speedy trial under Rule 28.3 of the Arkansas Rules of Criminal Procedure, alleging that the time period between the nolle prosse and the refiling of the charge is not excludable under Rule 28.3(f). In response, the State filed a motion on March 15 to exclude time for speedy-trial purposes, stating the circuit court had previously held that speedy trial was tolled from September 15, 2015, until October 30, 2017, and asked the court to uphold its prior ruling. In addition, the State asked the circuit court to dismiss appellant's motion for speedy trial, arguing that it could prosecute the case because the nolle prosse of the charge was not an unconditional dismissal or a final disposition of the case, nor was it done to evade speedy trial. Further, the State contended that because there was good cause to nolle prosse, the time period between the nolle prosse and refiling was tolled.

At the outset of the failure-to-appear trial on March 18, 2019, the circuit court heard arguments from counsel on appellant's motion to dismiss. Appellant's counsel argued that Rule 28.3(f) allows a nolle prosse to be filed upon "due cause," but upon refiling "the State must introduce, or at least provide good cause why it was refiled." Counsel contended that the failure-to-appear case was refiled when appellant's conviction in 26CR-13-309 was reversed and remanded and that case law did not support "that being a determination of good cause for refiling of the fail[ure] to appear. If there is no good cause for the refiling of the fail[ure] to appear, then all the time from the date of the nolle prosse of the original fail[ure] to appear to the refiling is still calculable time for the State and that would exceed twelve months." The court inquired, "Other than that, you agree that time is not at issue?"

2

Appellant's counsel agreed and stated, "There was already a speedy trial motion that was dealt with in the original fail[ure] to appear and that was already heard by the Court and dealt with. We are strictly dealing with October 2017 until now."[2]

The State responded that it moved to nolle prosse the failure to appear after appellant was sentenced in case No. 26CR-13-309, and it refiled less than a year later on October 4, 2018. Further, the State argued that it had good cause to nolle prosse because appellant received a fifty-year sentence with no parole eligibility and that the dismissal was not an "unconditional dismissal . . . as long as you're not trying to evade speedy trial, you can refile the failure to appear." The State indicated there was no speedy-trial issue as there was "plenty of speedy trial time left." The State also asserted that the standard is "good cause to nolle prosse" and not "good cause to refile."

The court agreed that the standard is good cause to nolle prosse and found there was good cause to nolle prosse because appellant was going to serve a fifty-year sentence, and the failure to appear was not "important" in light of the sentence.

Appellant first contends that the State violated his constitutional right to a speedy trial when it allowed 589 days to pass before trial. Pursuant to Arkansas Rule of Criminal Procedure 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Rule 28.3. *See Carter v. State*, 2016 Ark. 152, at 3, 484 S.W.3d 673, 674–75. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under our speedy-trial rules. *Yarbrough v. State*, 370 Ark. 31, 33, 257 S.W.3d 50, 53 (2007). Once a defendant establishes a prima facie case of a

---

[2]The original failure-to-appear case had a different case number. As stated previously, appellant's notice of appeal referenced only case No. "CR 2018-677 IV."

3

speedy-trial violation, i.e., that his or her trial took place outside the speedy-trial period, the State bears the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Id.*

At the hearing on the speedy-trial motion, appellant's argument focused solely on the time period between the nolle prosse and the refiling of the charge. Appellant's counsel stated, "We are strictly dealing with October 2017 until now." Our inquiry, therefore, is whether the time between the nolle prosse and the refiling was properly excluded.

The time period between the nolle prosse and the subsequent refiling is excluded from computing the time for a speedy trial if the charge was nolle prossed for good cause. *See* Ark. R. Crim. P. 28.3(f); *State v. Crawford*, 373 Ark. 95, 99, 281 S.W.3d 736, 740 (2008). Good cause is demonstrated when the State has good reason to nolle prosse and there is no indication the State is simply trying to evade the speedy-trial requirement. *Id.*

Citing *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000), the State responds that in order to have preserved his issue for appeal, appellant was required to raise the issue of good cause to nolle prosse at the time the State moved to nolle prosse the failure-to-appear charge. We agree.

> A contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. *See Dean* [*v. State*], 339 Ark. 105, 3 S.W.3d 328 [(1999)]; *Tanner v. State*, 324 Ark. 37, 918 S.W.2d 166 (1996); *Mack v. State*, 321 Ark. 547, 905 S.W.2d 842 (1995). The reason for requiring a contemporaneous objection is to inform the trial court of the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *Dean*, 339 Ark. 105, 3 S.W.3d 328. The idea is to give the trial court the opportunity to fashion a different remedy. *Id.*

*Ferguson*, 343 Ark. at 169, 33 S.W.3d at 121–22. The supreme court stated that under Rule 28.3(f), the time for showing good cause is at the time the motion to nolle prosse is heard,

and thus, the time to object for a lack of good cause is also at the time the motion is heard. *Id*. at 169–70, 33 S.W.3d at 122.

In the present case, appellant has failed to bring up a record sufficient to demonstrate that he made an objection at the time the State made the motion to nolle prosse. An appellant who seeks relief in this court has the burden to bring up a sufficient record upon which to grant relief. *Barker v. State*, 2014 Ark. 467, at 6, 448 S.W.3d 197, 200; *Hicks v. State*, 340 Ark. 605, 12 S.W.3d 219 (2000) (affirming speedy-trial ruling where appellant failed to include as a part of the record the docket sheet that might have reflected court notations that were pertinent to resolving his claim). It is well settled that an appellant bears the burden of producing a record demonstrating error. *Barker*, 2014 Ark. at 6, 448 S.W.3d at 200. Because appellant has failed to bring up a record sufficient to demonstrate that he made an objection at the time the State made the motion to nolle prosse, we affirm the speedy-trial ruling.

For his second point on appeal, appellant contends that the statute of limitations for the Class C felony failure to appear expired prior to the State's refiling of the felony information, thus, the circuit court was powerless to hear the charge. In a criminal prosecution, the State must prove beyond a reasonable doubt that the statute of limitations has not expired. *See* Ark. Code Ann. § 5-1-111(a)(4) (Repl. 2013). When a statute-of-limitations issue is reviewed on appeal, the appellate court views the evidence in the light most favorable to the State. *Talbert v. State*, 367 Ark. 262, 273, 239 S.W.3d 504, 513 (2006). A statute-of-limitations issue implicates jurisdiction to hear the case and cannot be waived. *Dowdy v. State*, 2015 Ark. 35.

Pursuant to Arkansas Code Annotated section 5-1-109(b)(2) (Supp. 2019), a prosecution for a Class C felony must be commenced within three years after its commission. Time starts to run on the day after the offense is committed. Ark. Code Ann. § 5-1-109(e)(2). "A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument if the arrest warrant or other process is sought to be executed without unreasonable delay." Ark. Code Ann. § 5-1-109(f). The statute is tolled "[d]uring any period when a prosecution against the accused for the same conduct is pending in this state." Ark. Code Ann. § 5-1-109(g)(2).

Appellant committed the offense of failure to appear on June 25, 2014. The arrest warrant was issued on July 8, 2014. Thus, the statute of limitations ran for thirteen days before the prosecution commenced on July 8, at which time the statute of limitations was tolled until the charge was nolle prossed on October 31, 2017. Between the nolle prosse and the date the charge was refiled on October 4, 2018, the statute had run for 338 days. Because a total of only 351 days had passed, the three-year statute of limitations had not expired. Appellant's argument is without merit, and we affirm.

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

*Davis Firm, PLLC*, by: *Jason R. Davis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Senior Ass't Att'y Gen., for appellee.