Cite as 2020 Ark. App. 245

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–19–573

| | |
|---|---|
| MARK DOUGLAS NEAL<br><br>APPELLANT<br><br><br>V.<br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 22, 2020<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-19-3]<br><br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br>AFFIRMED; MOTION TO DISMISS DENIED |

## RAYMOND R. ABRAMSON, Judge

Appellant Mark Douglas Neal was convicted in the Ashley County District Court—Crossett Division of misdemeanor disorderly conduct, for which he was assessed a fine of $255 and costs of $100. He appealed that conviction to the Ashley County Circuit Court. After a bench trial in circuit court on April 15, 2019, Neal once again was convicted of misdemeanor disorderly conduct and assessed the same fine and costs. On appeal, Neal argues that (1) the circuit court erred by curtailing his cross-examination of the complaining witness, thereby violating his Sixth Amendment confrontation rights, (2) there was not sufficient evidence to support the conviction, and (3) there was no evidence that Neal was disorderly such that he lost his First Amendment rights. His arguments are not preserved for appeal, and thus we summarily affirm.

We turn first to the State's motion to dismiss filed in December 2019. Our court passed the motion until the case was submitted. The State bases its motion on two grounds. The first, that the appeal from district court to circuit court was not properly perfected, is denied based on *Pettry v. State*, 2020 Ark. App. 162, 595 S.W.3d 442. The second part of the State's motion to dismiss is that Neal's appeal from the circuit court to the court of appeals was not properly perfected. The State argues that our court lacks jurisdiction because Neal's notice of appeal does not meet the requirements as set forth in Arkansas Rule of Appellate Procedure–Criminal 2(a) (2019).[1] Although our court denies the State's motion and affirms the circuit court's order because of Neal's failure to preserve any of his appellate arguments, we take this opportunity to strongly encourage appellant's counsel to review our rules and abide by them before filing appeals in the future. We hold lawyers to a certain degree of professionalism that is lacking here.

Neal's three arguments on appeal are procedurally barred from our review, so a complete recitation of the facts is not necessary. The charges and conviction in this case arise from an August 2016 dispute between Neal and Johnny Dupree at the airport in Crossett. Neal first argues that the circuit court erred by curtailing his cross-examination of Dupree, thereby violating his Sixth Amendment confrontation rights.

During cross-examination, when defense counsel attempted to question Dupree about whether he had slugged a man named Kevin Cosby and broke his jaw, the State

---

[1]Rule 2(a) requires that a notice of appeal identify the parties taking the appeal and the judgment or order or both being appealed. *See* Ark. R. App. P.–Crim. 2(a)(4) (2019). The notice also must state whether the appeal is to the Arkansas Court of Appeals or the Arkansas Supreme Court. *Id*.

objected as to relevance. Defense counsel replied that the question went to Dupree's credibility, arguing that he was "not threatened by anybody" and that he himself was an "aggressor." The circuit court ruled that any such prior-bad-act evidence regarding Cosby or anyone else was not relevant. Defense counsel responded, arguing that a record needed to be made and that the court's evidentiary ruling did not allow her to adequately represent her client. The circuit court reiterated that the objection was sustained because the information clearly was not admissible and instructed counsel to move on.

On appeal, Neal argues that the circuit court's ruling violated his Sixth Amendment right to confront the witness. Our supreme court has held that a defendant's right to confront witnesses against him or her is guaranteed by the Sixth Amendment to the United States Constitution and article 2, section 10 of the Arkansas Constitution. *See Bowden v. State*, 301 Ark. 303, 308–09, 783 S.W.2d 842, 844–45 (1990). This constitutional right includes the opportunity to conduct effective cross-examination. *Id*. But to preserve a Confrontation Clause argument on appeal, a defendant must obtain a ruling from the circuit court on that specific issue. *Bertrand v. State*, 363 Ark. 422, 429, 214 S.W.3d 822, 826–27 (2005).

Neal never argued to the circuit court that its ruling violated his constitutional rights, nor did he obtain a ruling from the court on any constitutional issue regarding Dupree's testimony. Accordingly, his argument cannot be reached on appeal due to lack of preservation. *See, e.g.*, *Moody v. State*, 2014 Ark. App. 538, at 11–12, 444 S.W.3d 389, 395 (holding a Confrontation Clause argument regarding restriction on cross-examination was not preserved for review because appellant did not argue to the circuit court that the

3

restriction violated her constitutional rights, nor did she obtain a ruling from the court on any constitutional argument).

Neal's substantial-evidence argument is likewise not preserved for appellate review. In a bench trial, a motion to dismiss for lack of sufficient evidence must be made at the close of the evidence. Ark. R. Crim. P. 33.1(b) (2019). Such a motion "based on insufficiency of the evidence must specify the respect in which the evidence is deficient." Ark. R. Crim. P. 33.1(c). The motion must advise the circuit court of the exact element that the defendant contends the State has failed to prove. *Draft v. State*, 2016 Ark. App. 216, at 5, 489 S.W.3d 712, 715. "A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." Ark. R. Crim. P. 33.1(c).

The motion for dismissal must state the specific grounds therefor, and the failure to challenge the sufficiency at the times and in the manner prescribed by Rule 33.1 constitutes a waiver of the issue. Ark. R. Crim. P. 33.1(b), (c). Here, Neal did not make a specific motion to dismiss at the close of the evidence. His attorney merely stated, "I think that there has been no credible evidence presented that my client engaged in disorderly conduct." Neal did not specify which elements of the crime the State did not prove; as such, his sufficiency challenge is not preserved for appeal.

Neal's third and final appellate argument is that there was no evidence that he was disorderly, and thus by convicting him, he lost his First Amendment rights. Neal filed a motion to dismiss in the circuit court on February 4, 2019, contending, among other things, that the disorderly conduct charge should be dismissed because all of his conduct was speech

4

protected by the First Amendment. However, Neal never mentioned his First Amendment argument at trial and failed to obtain a ruling from the circuit court on it. Because he did not get a ruling on the claim, it cannot be reached on appeal. *E.g.*, *Slater v. State*, 2017 Ark. App. 499, at 11, 533 S.W.3d 84, 91–92.

Moreover, Neal has changed his argument on appeal. In his motion to dismiss below, he argued that Dupree did not own the airport hangar and did not have the authority to instruct him to leave it, that he did not remain unlawfully at the public airport, and that, as a commercial pilot, he was engaging in protected commercial activity—not committing criminal trespass by purposely entering or remaining unlawfully in the premises of another person as provided by statute. The criminal-trespass charge was dismissed. The only argument he made to the circuit court regarding the disorderly conduct statute was that the statute had to be narrowly drawn to punish only unprotected speech and that all of his conduct was speech protected by the First Amendment. We have long held that an appellant cannot change his argument on appeal. *E.g.*, *Hunter v. State*, 330 Ark. 198, 203, 952 S.W.2d 145, 148 (1997). Also, issues raised for the first time on appeal, even constitutional ones, will not be considered because the trial court never had an opportunity to rule on them. *E.g.*, *London v. State*, 354 Ark. 313, 320, 125 S.W.3d 813, 817 (2003). Thus, we decline to address it on appeal.

Affirmed; motion to dismiss denied.

KLAPPENBACH and MURPHY, JJ. agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.