Cite as 2021 Ark. App. 253

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–20–538

| | | |
|---|---|---|
| MICHAEL H. SMITH | | **Opinion Delivered:** May 19, 2021 |
| | APPELLANT | APPEAL FROM THE SEARCY COUNTY CIRCUIT COURT [NO. 65CR-13-66] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE H.G. FOSTER, JUDGE |
| | APPELLEE | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Michael Smith was convicted by a Searcy County jury of first-degree battery. He was sentenced to ten years' imprisonment. Smith asserts as his sole point on appeal that the circuit court erred in denying his motion to dismiss the charges for lack of a speedy trial. We affirm.

Under Arkansas Rule of Criminal Procedure 28.1, a defendant must be brought to trial within twelve months unless there are periods of delay that are excluded under Arkansas Rule of Criminal Procedure 28.3. *Barefield v. State*, 2021 Ark. App. 151, at 2–3. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution pursuant to Arkansas Rule of Criminal Procedure 30.1. *Eagle v. State*, 2012 Ark. 371. Once the defendant presents a prima facie case of a speedy-trial violation, the State has the burden of showing that the delay was the result of the defendant's conduct or was otherwise justified. *Romes v. State*, 356 Ark. 26, 144 S.W.3d 750 (2004). We conduct a de novo review to determine whether specific

periods of time are excludable under our speedy-trial rules. *McCray v. State*, 2020 Ark. 172, 598 S.W.3d 509.

The time for speedy-trial calculation commences on the date of arrest or service of summons. Ark. R. Crim. P. 28.2(a) (2020). Smith was arrested on October 10, 2013. He filed his first motion to dismiss for violation of his right to a speedy trial on October 19, 2018. It was denied that same day. He filed a second motion to dismiss for violation of his right to a speedy trial on October 28, 2019. It was denied orally prior to trial and by order entered March 13, 2020.

The filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Barefield*, *supra*. We calculate the time from Smith's arrest to the filing of his motion to dismiss for a speedy-trial violation to be 2,209 days; thus, he presented a prima facie case of a speedy-trial violation. This places the burden on the State to prove that the delay was due to Smith's conduct or was otherwise justified.

Our review is de novo, but on appeal, Smith directs our attention to the following specific time spans asserting that all of the following time should be charged to the State for speedy-trial calculation:

| Smith's Appeal | | |
|---|---|---|
| **From** | **To** | **Days** |
| 10/10/2013 | 06/26/2014 | 259 |
| 04/27/2015 | 08/03/2015 | 98 |
| 10/25/2016 | 02/24/2017 | 122 |
| 08/05/2017 | 12/06/2017 | 123 |
| | **Total** | 602 |

Of the four time periods briefed on appeal, one—the period between April 27, 2015 and August 3, 2015—was not made to the circuit court below in either of Smith's motions to dismiss or his motion for reconsideration. We will not consider arguments made for the first time on appeal. *Hall v. State*, 2020 Ark. App. 135, at 4, 594 S.W.3d 175, 178 (restricting speedy-trial inquiry to the time period contested below). Even still, that leaves 504 days Smith claims are attributable to the State. The State concedes the following dates as properly charged to it:

| State Concedes | | |
| --- | --- | --- |
| From | To | Days |
| 10/10/2013 | 02/20/2014 | 133 |
| 10/26/2016 | 12/29/2016 | 64 |
| 08/06/2017 | 11/13/2017 | 99 |
| 12/29/2017 | 02/23/2018 | 56 |
| | Total | 352 |

With this information, we now turn to the first period Smith argues should be charged to the State.

I. *October 10, 2013, to June 26, 2014*

The State correctly concedes the period from October 10, 2013, through February 20, 2014. At a hearing on February 20, 2014, Smith's counsel asked to reset the pretrial to April 22, 2014. The court stated the time for speedy trial would be charged to Smith; the corresponding order indicates the same. Smith contends it was error to charge him with the time on this occasion, but the record indicates that Smith did not make any objection. A contemporaneous objection to the excluded period is necessary to preserve the argument in a subsequent speedy-trial motion. *Hall*, *supra*. The reason for requiring a contemporaneous

3

objection is to inform the circuit court of the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *Id.* The idea is to give the circuit court the opportunity to fashion a different remedy. *Id.*

On April 22, 2014, Smith appeared for a bond-revocation hearing. At that hearing, he requested that the case be continued to June 26, 2014. The corresponding scheduling order is silent on the issue of speedy trial, but since it was Smith who requested it at the hearing, the time was correctly charged to him. Arkansas Rule of Criminal Procedure 28.3(c) specifically excludes from the speedy-trial computation "[t]he period of delay resulting from a continuance granted at the request of the defendant or his counsel."

Accordingly, within this first period, 133 days are attributable to the State.

II. *October 25, 2016, to February 24, 2017*

On October 24, 2016, the State filed a motion for continuance due to a scheduling conflict. The order that issued set the new trial date to February 24, 2017, and indicated that the time was not excluded for speedy-trial purposes. However, on December 29, 2016, a new order was entered moving the jury trial to June 8, 2017. This order indicates that the time is charged to Smith; Smith never objected to this order. Smith argues that he should get the benefit of the full period between October 24 and February 24. However, because the December 29, 2016 order essentially supersedes the preceding one and because Smith never objected to this order charging him with the time when it was entered, we hold that time should be charged to the State beginning October 25, 2016, and ending December 28, 2016, a total of 66 days.

III. *August 5, 2017, to December 6, 2017*

On July 6, 2017, the court heard arguments on a motion to suppress filed by Smith. It then took the matter under advisement. Arkansas Rule of Criminal Procedure 28.3(a) provides that the period of delay resulting from other proceedings concerning the defendant, such as pretrial-motion hearings, are charged against the defendant; however, it does provide that "[n]o pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period." The court did not rule on the motion until December 6, 2017, when it denied the motion. Smith argues that this entire span of time should be attributable to the State.

The State concedes the time from August 6, 2017 to November 13, 2017. August 5 was the last day of the excluded period from the pretrial-motion hearing. It contends that Smith does not get the benefit of the time between November 14, 2017 and December 6, 2017 (when the motion to suppress was ruled on), because on November 13 a pretrial hearing was held, and from that hearing, a scheduling order was entered setting the next pretrial hearing for December 28, 2017. The order charged the time to the defendant, again to no objection. The entirety of that November 13 hearing follows:

| THE COURT: | I will call the case of State of Arkansas vs Michael Smith. Case No. 65CR-13-66. What are we doing with Mr. Smith today? |
| DEFENSE COUNSEL: | Judge, that is the case where there was supposed to be an order denying the motion to suppress. I guess [the prosecutor] left before he filed the order. |
| THE COURT: | [Prosecutor's Secretary], if you could handle that for us I would appreciate it. |

5

| | |
|---|---|
| PROSECUTOR'S SECRETARY: | Yes, Your Honor, I will. |
| THE COURT: | And we will move this to December 28th and toll speedy trial. Anything else in this case? |
| DEFENSE COUNSEL: | No sir, not today. |

As with the other periods discussed above, Smith had the opportunity to make an objection to the court's charging the time to him. He did not do so. The order reflects that he agreed to toll speedy trial. There are 99 days between August 6, 2017 and November 13, 2017. Of these periods, we hold that 298 of those days are attributable to the State.

Finally, with our de novo review, we agree with the State that there are an additional 56 days preserved for review and indisputably attributable to the State. This brings the total time attributable to the State to 354 days. We note that each of the disputed time frames brought before us in this appeal have hinged on Smith's making (or in this case, not making) timely objections to scheduling orders indicating that he agreed to continuances and tolling speedy trial. Without contemporaneous—or at a minimum, first-opportunity[1]—objections to these orders, Smith's arguments are not preserved. Smith was brought to trial within a time acceptable under our Criminal Code. We affirm.

Affirmed.

---

[1] In *Tanner v. State*, 324 Ark. 37, 42–43, 918 S.W.2d 166, 169 (1996), our supreme court held that an appellant did not waive his right to move for dismissal based on a speedy-trial violation when the record indicated that the circuit court continued a case sua sponte and without the appellant or counsel at the hearing. *See also Robertson v. State*, 2019 Ark. App. 73, 568 S.W.3d 323 (holding that because there was no hearing and no indication from the record that appellant counsel had an opportunity to object, appellant did not waive his right to move for dismissal). Smith never argued that any of the orders at issue were made sua sponte or without prior notice to counsel.

ABRAMSON and HIXSON, JJ., agree.

*Ralph J. Blagg*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.