Cite as 2024 Ark. App. 286

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-23-585

| | |
|---|---|
| CAMERON WHITWORTH<br>APPELLANT | Opinion Delivered May 1, 2024 |
| V. | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-21-801] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant, Cameron Whitworth, was convicted by a jury of aggravated robbery, kidnapping, aggravated assault, misdemeanor theft of property, and felon in possession of a firearm.[1]  Whitworth argues on appeal that the circuit court committed reversible error by allowing the same jury to try him on the charge of being a felon in possession of a firearm (FIP) after it had convicted him of the other offenses.  We affirm.

These charges arose from the events over several hours on a night in September 2021 wherein one woman (AB) accused another woman (AF) of wrongly keeping possession of the cremated ashes of one of AB's friends.  AF repeatedly denied the accusation.  While they argued, appellant approached AF from behind, struck her on her head with a gun, and took

---

[1]Whitworth was acquitted of third-degree battery, and the State nol prossed four Class D felony counts of felon in possession of a firearm.

AF's cell phone. Two other women entered the apartment. Appellant smoked methamphetamine, and he took turns with one of the other women holding AF at gunpoint. Later, appellant shoved the barrel of a rifle into AF's mouth and asked her if she was ready to die. One of the other women took AF's ring from her hand. AF repeatedly denied having the ashes. At appellant's direction, AF was transported to another location, but before he let her go, appellant threatened to kill AF's family if she did not return the ashes by the end of the day. Appellant gave AF's phone back to her. AF learned that while appellant had her phone, he had transferred twenty-five dollars from her Cash App account to his Cash App account. The State filed charges against appellant in November 2021.

A few days before the January 2023 trial, appellant filed a motion to sever the FIP charge from the other charges because he "would be unduly prejudiced if the offenses were tried together, and the jury was to hear that [Whitworth] had a prior felony conviction." Appellant asked the court to "sever the offenses and bifurcate the trials for each count." Appellant admits that this request was "impliedly granted." After the jury was seated, the circuit court allowed the State to present evidence and try appellant on all but the FIP charge, and the jury returned guilty verdicts on those counts. In that trial, the jury had been presented evidence, and it specifically found that appellant had used a firearm during the commission of the aggravated robbery. Sentencing was not conducted at that time.

The following day, over appellant's objection, the circuit court allowed the State to present evidence and try appellant on the FIP charge to the same jury, during which the jury was informed that appellant was convicted in August 2017 of felony possession of drug

2

paraphernalia. The jury was told that all the evidence from the prior trial on aggravated robbery, kidnapping, aggravated assault, and theft was still before the jury for its consideration in the FIP trial. After retiring to deliberate, the jury returned a guilty verdict on the FIP charge. Last, the circuit court conducted a sentencing hearing covering all the charges, and appellant was sentenced in accordance with the jury's verdicts. Appellant appeals.

Appellant contends that it was fundamentally unfair for the same jury to try the first set of charges and the FIP charge, even if the trial was conducted in two parts. Appellant urges this court to reverse and remand all the charges for a new trial. We disagree that appellant has demonstrated reversible error.

We are guided by *Sutton v. State*, 311 Ark. 435, 844 S.W.2d 350 (1993). In *Sutton*, the supreme court was disinclined to conclude that joinder of a FIP charge with a second felony charge constitutes prejudice by that fact alone in all instances. The supreme court did, however, agree that joining such charge created a danger that the jury's perception of the defendant would be adversely affected so that it would create a presumption favoring severance, although the presumption could be overcome. Instead, such cases are to be examined individually to determine if the presumption of prejudice has been overcome and whether the circuit court abused its discretion. *See Watkins v. State*, 2009 Ark. App. 124, 302 S.W.3d 635. In *Sutton*, the supreme court held that the error was not prejudicial with the existence of one or more overriding factors, including (1) the overwhelming evidence of guilt; (2) cross-examination of the defendant on the prior conviction; and (3) a limiting instruction

3

to the jury.  Even if we were not persuaded that there was overwhelming evidence of guilt, although we are, this case is unique in that appellant was granted the relief he requested because the FIP charge was tried separately from the other charges.

As the State points out, this case is more akin to *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993).  Littlepage was charged with possession of methamphetamine with intent to deliver, possession of drug paraphernalia, and felon in possession of a firearm.  The circuit court bifurcated the proceedings as to the FIP charge to keep the evidence of the prior conviction from the jury until the sentencing phase.  The supreme court found in that case that bifurcating the proceedings adequately protected the defendant.  Likewise in this case, the circuit court bifurcated the other charges that Whitworth was facing from the FIP charge for the same purpose.  Therefore, Whitworth was not prejudiced by the manner in which the court proceeded.  *See also Hendrickson v. State*, 316 Ark. 182, 871 S.W.2d 362 (1994).

Appellant adds to his argument on appeal that he was prejudiced because the jury had already determined he was in possession of a firearm before the information regarding the FIP charge was read, that he was denied the opportunity to voir dire the jury panel on the FIP charge, and that he was denied the ability to present a complete defense. An appellant is limited to the arguments raised and ruled on at the circuit-court level. None of these arguments were raised to the circuit court or ruled on, so these arguments are not preserved for appellate review.  *Neal v. State*, 2020 Ark. App. 245, 601 S.W.3d 135.

Affirmed.

GLADWIN and GRUBER, JJ., agree.

4

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.