Cite as 2026 Ark. App. 49

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-25-164

| | |
|---|---|
| JOHN CULLUM<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** January 28, 2026<br><br>APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT<br>[NO. 71CR-23-41]<br><br>HONORABLE H.G. FOSTER, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

A jury found John Cullum guilty of rape and sexually grooming a child. He argues on appeal that there was insufficient evidence to support his grooming conviction, that his right to a speedy trial was violated, and that the circuit court abused its discretion in two evidentiary rulings. We affirm Cullum's conviction.

In March 2023, the State charged Cullum with three counts of rape. The alleged victim was a seven-year-old child (MC). Sometime later, the State amended the charges to two counts of rape and one count of sexually grooming a child. The case went to trial, and a jury found Cullum guilty of one count of rape and of sexually grooming a child, for which he was sentenced to thirty years' imprisonment and assessed a $10,000 fine. Cullum timely appealed his convictions.

### I. *Sufficiency of the Evidence*

We address a challenge to the sufficiency of the evidence before reviewing allegations

of other errors. *Buckley v. State*, 2023 Ark. App. 330, 669 S.W.3d 631. Only evidence that supports the verdict is considered, and it is viewed in the light most favorable to the State. *Id.* When an appellant challenges the sufficiency of the evidence, we will affirm if substantial evidence supports the verdict. *Id.* Substantial evidence is evidence of such sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resort to speculation or conjecture. *Green v. State*, 2013 Ark. 497, 430 S.W.3d 729.

Cullum challenges only his conviction for sexually grooming a child, so only the evidence relating to that charge will be discussed. At trial, then-thirteen-year-old MC testified that she met Cullum when she was seven or eight, when she and her dad went to stay at Cullum's house. She described a time when her dad was outside working on a truck, and she went into Cullum's bedroom. Cullum undressed himself, had her undress herself, and showed her pornography on his phone. She had seen videos like that before but had not been shown such videos by an adult. Cullum had her continue to watch pornography on his phone while he assaulted her.

After the State rested, Cullum moved for a directed verdict on the charge of sexually grooming a child. He asserted, "The allegation is that the defendant showed the alleged victim . . . a pornographic video. The witness admitted on the stand that she had watched pornography before and after that event. That does not rise to the level of grooming such as to have sufficient evidence to present to the jury." Cullum's motion was denied. The renewal of his motion was likewise denied at the close of the defense's case.

A person commits the offense of sexually grooming a child if, with the purpose to

2

entice, induce, or groom a child thirteen years of age or younger to engage with a person in sexual intercourse, sexually explicit conduct, or deviate sexual activity, he or she disseminates to the child a visual or print medium depicting sexually explicit conduct. Ark. Code Ann. § 5-27-307(b)(1) (Repl. 2024). On appeal, Cullum contends that the State presented no proof that he showed pornography to MC with the purpose to induce her to have sex with him. He says that, according to MC's testimony, "she was already engaging in such acts at the time she viewed it."

There are two problems here: one, it is not the argument that Cullum made in his directed-verdict motion. Our law is clear that a party is bound by the nature and scope of the objections and arguments made at trial and may not enlarge or change those grounds on appeal. *Davis v. State*, 2022 Ark. App. 510, 657 S.W.3d 207. The second problem is that the argument is otherwise unpersuasive. The grooming conviction is affirmed.

## II. *Speedy Trial*

Did the State bring Cullum to trial in time? The deadline for that event begins to run on the date of either the defendant's arrest or service of summons. Ark. R. Crim. P. 28.2(a) (2025). It continues to run uninterrupted except during any applicable "excluded periods" set forth in Rule 28.3. The filing of a speedy-trial motion tolls the running of the time for a speedy trial under our rules. *Barefield v. State*, 2021 Ark. App. 151. If the defendant is not brought to trial within the requisite time, the defendant is entitled to have the charges dismissed with an absolute bar to prosecution. *State v. Crawford*, 373 Ark. 95, 281 S.W.3d 736 (2008) (citing Ark. R. Crim. P. 30.1).

When a defendant makes a prima facie showing of a speedy-trial violation, the

burden shifts to the State to show that the delay was the result of the defendant's conduct or was otherwise justified. *Crawford*, *supra*. A prima facie case for a speedy-trial violation is made when there is a period of delay beyond twelve months from the date of the charge. *Id*. On appeal, we conduct a de novo review to determine whether specific periods of time are excludable under speedy-trial rules. *Id*.

Here, because Cullum was not brought to trial within twelve months of the date of his arrest, he presented a prima facie case for a speedy-trial challenge; the burden of proving that the extra days were legally justified and excludable now shifts to the State. *See Crawford*, *supra*. The Marion County Sheriff's Office arrested Cullum on 16 March 2023, and he filed his speedy-trial motion on 19 September 2024, which is a period of 553 days; accordingly, the State bears the burden of showing that at least 188 days should not be included in the calculation.

There is no disagreement that the period from 16 March 2023 to 24 July 2023 was properly charged to the State. At a pretrial hearing on July 24, the court set a pretrial date of August 28 and a trial date of September 20. The period July 25 to August 28 was also properly charged to the State, and at the August 28 hearing, defense counsel requested a continuance for new counsel to be appointed from the public defender's office. The court set a pretrial hearing for September 18 and removed the September 20 trial date from the docket. Cullum does not dispute that the period from August 29 to September 18 was properly excluded from the speedy-trial calculation. On September 18, the court rescheduled the pretrial hearing for October 3, and the time period from September 19 to October 3 was properly charged to the State.

At the October 3 hearing, Cullum's new defense counsel explained, "This is my first meeting with Mr. Cullum," and counsel asked the court "to reschedule this matter for pretrial in December and reschedule the jury trial to a date in February and toll speedy trial from the date of the continued jury trial until the date of the new jury trial setting in February." The State agreed to the schedule change, and the court clarified, "[W]e're tolling the time between the previous jury trial setting and the 2-20 jury trial setting." The court's written order set a pretrial date of December 11, set a trial date of 20 February 2024, and indicated that the speedy-trial time was charged to the defendant due to "waiver of speedy trial."

The court convened the pretrial hearing on December 11, at which time the State noted (for a reason unclear from the record) that the jury trial was no longer scheduled to begin on February 20. The court determined a new beginning trial date of 23 April 2024 and asked, "What are we doing with speedy trial, guys?" The prosecutor stated, "I believe time was charged to State in February.[1] To the extent there's a speedy trial question from this point to February, from that point, I believe the continuance to April is on defense motion." Defense counsel agreed to "waive speedy trial from the end of February date to the April date." The court concluded, "All right, so from the February trial date until the April date that's tolled. But from now till the February date it's State time."

On April 24, the court rescheduled the trial date to August 27, but the court's order did not indicate to which party the time was charged for speedy-trial purposes. On August

---

[1]This is incorrect—as noted above, the October 3 order charged the time from October 4 to February 20 to the defendant due to waiver of speedy trial.

27, the court again entered a scheduling order setting a pretrial date of September 11 and a trial date of October 8. The written order indicated that speedy-trial time was tolled until October 8. On September 11, the pretrial date was rescheduled for October 7, and speedy-trial time remained tolled until October 8. Cullum moved to dismiss his case on speedy-trial grounds on September 19, which tolled the running of time for a speedy trial. *See Barefield, supra*.

The court held a hearing on the speedy-trial motion on 7 October 2024, and the parties disagreed on the period from 12 December 2023 to 20 February 2024. The State argued that the initial trial setting had been September 20, that the initial trial setting was removed because of the discovery of conflict of counsel, and that the second trial setting was 20 February 2024 according to the October 3 order. The State contended that the time was tolled due to the defendant on a waiver of speedy trial and that "it's quite clear on the Order that time was tolled until February 20, 2024."

Defense counsel argued that December 12 to February 20 should be charged to the State:

> [W]hen we came to court on October 3rd, there was no pending jury trial. There was no continuance of a jury trial to February the 20th. This was, since my entry into the case, a new trial setting. . . . My recollection is that on October 3rd, I had a reason I wanted to have the case moved to a new pretrial date, which was December 11th. And I agreed to waive speedy trial until then. I did not agree to waive speedy trial until February the 20th.

Defense counsel also asserted that the October 3 order was ambiguous as to what period would be charged to the defense.

The parties also discussed April 24 to August 27.[2] The State argued that the trial had been rescheduled due to docket congestion, so the speedy-trial time should not have been charged to the State. Defense counsel agreed that docket congestion was the stated reason for the delay, but he asserted that the court had not made the proper findings for a delay due to docket congestion pursuant to Ark. R. Crim. P. 28.3(b).[3]

The court chose to take the issue of the April 24 order under advisement. Regarding the October 3 order, the court agreed with the State that the order tolled speedy trial until 20 February 2024. With that time excluded, Cullum was brought to trial within the requisite 365-day period.

On appeal, Cullum asserts that the time period of 11 December 2023 to 20 February 2024 should be charged to the State.[4] He acknowledges that the 3 October 2023 order tolled speedy trial from October 3 to February 20, but he contends that the December 11 order superseded that order and did not toll the time from December 11 to February 20.

In support of his argument, Cullum cites *Parker v. State*, 2023 Ark. 41, 660 S.W.3d

---

[2]At the speedy-trial hearing and in their briefs, both parties refer to an April 24 hearing, but there is no April 24 hearing in the record.

[3]Rule 28.3(b) provides that the period of delay resulting from a continuance attributable to congestion of the trial docket shall be excluded in computing the time for trial if, in a written order or docket entry at the time the continuance is granted, the court (1) explains with particularity the reasons the trial docket does not permit trial on the date originally scheduled; (2) determines that the delay will not prejudice the defendant; and (3) schedules the trial on the next available date permitted by the trial docket.

[4]Cullum also asserts on appeal that the 24 April 2024 order was insufficient to toll speedy trial due to docket congestion, but we need not address this point. The time period from April 24 to August 27 was charged to the State below, and the State concedes that the April 24 order was not sufficient to toll time pursuant to Ark. R. Crim. P. 28.3(b).

7

815, in which he claims the Arkansas Supreme Court addressed an identical situation. In determining whether a disputed period began on 2 March 2019 or 23 March 2019, the supreme court examined two circuit court orders.

> The first order, entered on January 3, 2019, set Parker's jury trial for March 18 through March 22, and this order specifically stated that the time would be charged to the defense. However, the second order, entered on March 1, 2019, set Parker's jury trial for May 20 through May 24, and this order was silent on the issue of speedy trial.

> Citing *Smith v. State*, 2021 Ark. App. 253, at 5, 624 S.W.3d 718, 721, Parker contends that the second order supersedes the first. In *Smith*, the circuit court had entered an order in October 2016 setting trial for February 2017 and stating that the time was not excluded for speedy-trial purposes. But the circuit court entered a new order in December 2016 moving the trial to June 2017 and noting that speedy-trial time ran against the defendant. The appellate court concluded the December 2016 order controlled, holding that a new scheduling order "essentially supersedes the preceding one." *Id*. at 5, 624 S.W.3d at 721.

> We agree with the rationale in *Smith*, 2021 Ark. App. 253, at 5, 624 S.W.3d at 721. Here, the circuit court entered an order on January 3, 2019, setting a jury trial for March 18 through March 22. In this order, the circuit court specifically stated that the time would be charged to the defense. However, the circuit court subsequently entered a second order on March 1, 2019, resetting the trial date for May 20 through May 24, 2019. Significantly, the circuit court was silent on the issue of speedy trial in its second order and did not expressly toll the time running on speedy trial. Thus, we hold that the circuit court's second order supersedes the first order and that speedy trial started to run on March 2 instead of March 23.

*Parker*, 2023 Ark. 41, at 13–14, 660 S.W.3d at 825. Likewise, argues Cullum, the December 11 order superseded the October 3 order, and speedy trial began running on December 12 and ran until February 20 because the order was silent as to that period.

The State acknowledges that, at the December 11 hearing, the circuit court announced that the time from the February trial date to the April trial date would be tolled, but speedy trial would run from December 11 to February 20. The State asserts that this

pronouncement was the result of confusion, which was at least partially caused by the State's incorrect statement at the December 11 hearing that "time was charged to the State in February." On the contrary, the trial date was changed from September 20 to February 20 due to a change in defense counsel, and the October 3 order clearly indicates a waiver of speedy trial by the defendant.

The State also explains that at the speedy-trial hearing, the circuit court correctly found that the October 3 order tolled speedy trial from the prior trial date of September 20 to the new trial date of February 20. The State contends that the October 3 order and the December 11 order "reflect the intention of the court to toll the time between December 11 and February 20, or, more accurately, from the September 20 trial date to the February 20 trial date, notwithstanding the court's statement to the contrary at the December 11 hearing." The State asserts that "the October order should be read in harmony with the December order, not as a replacement for it."

Finally, the State argues that *Parker* does not dictate a contrary result. It explains that in *Parker*, the first order entered charged the time to the defense, but the second order did not address speedy trial, and the supreme court held that the second order superseded the first order because the second order was silent on the issue of speedy trial. In Cullum's case, however, "there was not an order that was silent as to speedy trial because both addressed the issue. Thus, the December order did not supersede the first order."

The record clearly shows that the October 3 order intended for time to be tolled from October 3 to February 20. There is no evidence to support defense counsel's claim that he agreed to toll the time only to December 11. In fact, defense counsel's request at

9

the October 3 hearing to "toll speedy trial from the date of the continued jury trial *until the date of the new jury trial setting in February*" belies the assertion that the defense thought time was tolled only until December 11 (emphasis added).

At the December 11 hearing, the circuit court stated that "from now till the February date it's State time," but "from the February trial date until the April date that's tolled." But the court's written order from the December 11 hearing indicates only that speedy trial is waived from February 20 to April 23; the order is silent as to December 12 to February 20. The State argues that period had already been tolled in the October 3 order and that the October 3 order and the December 11 order should be read in harmony. We agree. The failure to specifically address December 12 to February 20 in the December 11 order does not change that the defense requested a continuance on October 3 and agreed that speedy-trial time would be excluded "until the date of the new jury trial setting in February."

We also hold that *Parker* is distinguishable. There, the second order did not mention speedy trial, but here, the second order addressed the time period between the previously set jury trial date and the new jury trial date—February 20 to April 23—and stated that time would be charged to the defendant. The order did not address December 12 to February 20, which had already been attributed to the defendant. Preferably, the December 11 order would have addressed all the time between the order and the next scheduled trial date (here December 12 to April 23), but this omission will not convert time specifically requested by the defense to time charged to the State.

We hold that December 11 to February 20 (seventy-one days) was properly excluded from the speedy-trial calculation. With that time excluded, Cullum was held for a total of

10

306 days during which speedy trial was not tolled, so his right to a speedy trial was not violated.

### III. *Evidence of Prior Methamphetamine Use*

The admission or rejection of testimony is a matter within the circuit court's sound discretion and will not be reversed on appeal absent a manifest abuse of that discretion and a showing of prejudice to the defendant. *Gonzales v. State*, 2019 Ark. App. 600, 589 S.W.3d 505. An abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Id*.

Keven Stitts, MC's father, testified at Cullum's trial. Stitts admitted that around the "2019 timeframe," he had been using methamphetamine "pretty frequently" and had smoked methamphetamine with Cullum. Defense counsel objected and argued that criminal conduct by Cullum was outside the parameters of the case and inadmissible. The State countered that Cullum's statement to police was that he had been smoking methamphetamine "a lot" in the relevant time frame. The court overruled the objection.

On appeal, Cullum argues that whether he did drugs with MC's father had no bearing on whether he had committed sex crimes against MC; instead, the evidence was inadmissible propensity evidence under Ark. R. Evid. 404(b) and offered "to encourage the jury to find Cullum guilty of sex offenses because he was a meth user." He contends that any marginal relevance the evidence had was outweighed by the danger of unfair prejudice. Cullum further argues that the admission of this evidence violated his due-process rights because the trial was "irreparably tainted by the allegations of meth use."

11

The State counters that Cullum's methamphetamine use was relevant because he blamed his drug use for his lack of memory of what occurred during the relevant time frame. Cullum made evidence of his drug use independently relevant as a circumstance of his crimes, and the State was entitled to offer evidence that corroborated Cullum's claim that he was using methamphetamine at the time. In addition, Cullum's statement to police in which he admitted using methamphetamine daily during the relevant time period was admitted without objection, so he cannot show prejudice from Stitts's testimony. Finally, the State asserts that Cullum's due-process argument is made for the first time on appeal.

We hold that Cullum has demonstrated no reversible error in the circuit court's decision to admit this testimony. First, Cullum made only a general relevance argument below and did not make an argument based on Rule 404(b). Even overlooking that, we agree with the State that Cullum made his drug use relevant by blaming it for his lack of memory at the time, and he cannot demonstrate prejudice based on his own admission of heavy drug use. Finally, the State is correct that there was no due-process argument raised below. Issues raised for the first time on appeal will not be considered because the circuit court never had an opportunity to rule on them. *Neal v. State*, 2020 Ark. App. 245, 601 S.W.3d 135.

IV. *Rehabilitation of Witness*

During the defense's cross-examination of MC, defense counsel asked her repeatedly about statements made to "Ms. Kennedy." The defense was referring to Kennedy Holloman, a forensic interviewer with the Arkansas State Police Children's Advocacy Center (CAC), who had interviewed MC. At one point, the defense asked MC to

12

remember who she had spoken to first about the sexual abuse, either Ms. Kennedy or Ms. Kelly (MC's therapist), and the State objected.

The State argued that while there was no question MC had been interviewed at CAC and had given a statement, she did not necessarily know that Ms. Kennedy was the name of the person who interviewed her. The State asserted that MC had no foundation to answer questions based on knowledge of Ms. Kennedy and that defense counsel was "confusing [MC] as to who Ms. Kennedy is."

The defense countered that the State could address the issue in redirect and argued, "I've got this witness on who is a witness on cross-examination and she initially said she didn't know Ms. Kennedy but then when I asked her some leading questions she said she did remember that." The court remarked that the leading questions were "giving the jury the wrong impression." The State also explained that one of the prosecutors at trial is named Elizabeth Kennedy, which was potentially confusing to both MC and the jury. The court suggested that the prosecutor voir dire MC "with regard to who she's talking about so we have a basis for it." Defense counsel objected to the "interruption in my cross examination and rehabilitation of the witness who is not in need of rehabilitation."

Here, Cullum contends that allowing the State to voir dire MC during his cross-examination infringed on his Sixth Amendment right to confrontation because it denied him the opportunity to effectively show the jury MC's bias and lack of credibility. The State argues that Cullum's argument is not preserved because he raised no Confrontation Clause argument below.

We hold that Cullum's argument is not preserved. To preserve a Confrontation

Clause argument on appeal, a defendant must obtain a ruling from the circuit court on that specific issue. *Neal*, *supra*. Cullum did not assert any Confrontation Clause violation below, so we will not address the argument now. *See Merrill v. State*, 2024 Ark. App. 575, 702 S.W.3d 420 (even a constitutional issue must be raised at trial in order to preserve the issue for appeal).

Affirmed.

ABRAMSON and TUCKER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.