Cite as 2026 Ark. App. 106

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-25-160

| | |
|---|---|
| CHRISTOPHER BEWLEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 18, 2026<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-21-495]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Christopher Bewley appeals the Pope County Circuit Court's sentencing order revoking his probation and sentencing him to ten years' imprisonment. Bewley does not challenge the sufficiency of the evidence supporting the revocation. His points on appeal relate solely to his motion to suppress text messages taken from his cellphone. We affirm.

In November 2021, Bewley pled guilty to second-degree battering and endangering the welfare of a minor and was sentenced to six months in jail and five years' probation. On May 18, 2022, the State petitioned to revoke Bewley's probation, alleging that he had violated the terms and conditions of his probation by committing the offense of rape. Amended petitions for revocation were filed in January and March 2024, adding the violations of failed drug screens in August and October 2023 and admitted illegal drug use in January 2024.

On May 25, 2022, the circuit court held a show-cause hearing on a motion for contempt regarding Bewley's failure to provide the police with the passcode to his cellphone. Judge James Dunham stated that he had previously issued a search warrant for the cellphone and entered an order for Bewley to provide the passcode for the phone. The judge explained to Bewley that he had a right to remain silent and to consult an attorney before providing the passcode because there might be information on the phone that was unrelated to the warrant. Bewley asked for appointed counsel, and the court appointed a public defender to represent him. After consulting with his attorney, Bewley provided the circuit court with the passcode to his phone.

On March 14, 2023, Bewley filed three motions: a motion to suppress, a motion for Judge Dunham to recuse himself, and a motion for the State to be disqualified and a special prosecutor appointed.[1] The court requested additional information from Bewley on the motions and set a pretrial hearing for April. On April 5, Bewley filed an amended motion to suppress the evidence "due to a violation of constitutional rights by Judge Dunham, who operated outside his constitutional authority as a judicial officer when he acted as law enforcement in obtaining the passcode to Defendant's phone. See Motion to Recuse."[2] The same day, Bewley filed an amended motion to recuse alleging that on the day of the show-cause hearing, his court-appointed counsel told him that Judge Dunham would not release

---

[1]None of these motions is included in the record on appeal.

[2]Presumably, the evidence Bewley sought to suppress was his text messages.

him from jail unless Bewley gave up his passcode. He claimed that, despite giving the court his passcode, he remained in custody for nearly eight more months. He also claimed that Judge Dunham had represented Bewley's mother in a "litigious adoption case" involving Bewley and his biological father.[3] In neither the motion to suppress nor the motion to recuse did Bewley mention which constitutional rights the court had allegedly violated.

In March 2024, the court held a pretrial hearing at which the State referenced a letter it sent to the court explaining that it would not be using the text messages from Bewley's cellphone because it had obtained the same text messages from his rape victim's (K.H.'s) cellphone. Bewley's counsel told the court that would "obviously" change the issue regarding Bewley's motion to suppress, and Bewley did not develop any arguments, constitutional or otherwise, regarding his motion. The court did not rule on Bewley's motion to suppress at that time or in any other hearing or order.

The circuit court held a revocation hearing on October 17. Joshua Robertson testified that he was employed by the Arkansas Department of Corrections Division of Community Supervision and was Bewley's supervising officer. He said that Bewley had violated the conditions of his probation on three dates. Specifically, Robertson said that Bewley signed forms admitting marijuana use on August 1 and October 31, 2023, and on January 9, 2024.

K.H. testified about the rape allegations. She said that on May 9, 2022, Bewley, with whom she had been acquainted in high school, came to her house to watch a movie. Before

---

[3]Judge Dunham recused himself from the revocation case on April 28, 2023, and a new judge was assigned.

he arrived, K.H. texted him that she had already taken her medicine, she had to work in the morning, she would not be awake much longer, and she did not "want to hook up or anything if that's what you're wanting." She testified that Bewley told her he did not want to hook up either; he just wanted to see her. She said that they sat on the couch and watched a movie together, and she fell asleep on the couch. She said that she woke up in her bed without pants on, that Bewley was on top of her, and that his penis was inside her. She said that she pushed him away, and he started apologizing and saying, "I'm so sorry, I didn't know you were asleep, I'm so sorry, I'm such an a**hole[.]" After he left, Bewley began texting K.H. that he was sorry, and he asked if she was okay. She responded that she had been completely "upfront" with him, did not want to have sex, and woke up with him on top of her. Bewley continued to text that he was sorry, that he felt like an "a**hole," and that he understood if she never wanted to talk to him again.

The State introduced State's exhibit 6, a document containing text messages from K.H.'s phone. Joint exhibits 1 and 2 were also introduced into evidence: Exhibit 1 included a series of text messages on Bewley's phone and exhibit 2 was a report tracking that the messages on exhibit 1, Bewley's texts, were the same messages identified in State's exhibit 6 taken from K.H.'s phone.

At the conclusion of the hearing, the circuit court found that Bewley had violated all the conditions alleged in the petitions to revoke. Bewley filed this appeal.

On appeal, Bewley contends that the circuit court violated his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution and article

4

2, section 8 of the Arkansas Constitution when it required him to provide the passcode to his cellphone. He argues that we should overturn his revocation conviction because the State relied on text messages from his cellphone as evidence in his revocation hearing.

We decline to address the merits of Bewley's arguments because they are not preserved for our review. To preserve an argument for review, even a constitutional one, an appellant must raise the specific issue in the circuit court and obtain a ruling on it. *Neal v. State*, 2020 Ark. App. 245, at 3–5, 601 S.W.3d 135, 137–38. Bewley did not raise in the circuit court the arguments he makes on appeal. Moreover, he did not obtain a ruling on his motion to suppress. *Cagle v. State*, 2019 Ark. App. 69, at 7, 571 S.W.3d 47, 52 (holding that the failure to obtain a ruling on an issue at the circuit court level, including a constitutional one, precludes review on appeal).

Even if Bewley's arguments had been preserved, however, any error in the introduction of his text messages was harmless beyond a reasonable doubt. *McNeal v. State*, 2025 Ark. App. 285, at 3–4 (applying harmless-error principles to affirm revocation of defendant's suspended sentence without addressing suppression-related issues). The State needed to prove only one unexcused violation of Bewley's conditions of probation to support the revocation. *Id*. at 4. Here, in addition to the alleged rape violation, which involved the text messages on Bewley's cellphone, the State alleged, and the circuit court found, that Bewley admitted using marijuana on three occasions in violation of his conditions. These violations were sufficient to sustain the revocation without admission of the text messages.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Lion Legal*, by: *Kathryn Loyd Wilson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.